# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DYLAN DONALD TALLMAN,

      Plaintiff,

v.

      Case No. 20-CV-1191-JPS

DR. JEANPIERRE,

      **ORDER**

      Defendant.

Plaintiff Dylan Tallman, an inmate proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 alleging that Defendant violated his constitutional rights. (Docket #1). This order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and a miscellaneous pending motion,[1] as well as screens his complaint.

## 1. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

---

[1] Plaintiff has filed a motion for a temporary restraining order. (Docket #12). However, the motion does not actually request any relief from the Court. Instead, it provides a narrative of grievances regarding two magazines that are not parties to this litigation. Thus, the Court will deny the motion.

On September 1, 2020, the Court ordered Plaintiff to pay an initial partial filing fee of $1.17. (Docket #8). Plaintiff paid more than that fee on September 18, 2020. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. (Docket #2). He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff alleges that on July 24, 2020, Defendant Dr. Jeanpierre ("Dr. Jeanpierre") sexually assaulted him while he was incarcerated at Dodge Correctional Institution ("DCI"). (Docket #1 at 2). Plaintiff explains that on July 24, 2020 he had injured his left hand and Dr. Jeanpierre was trying to convince him to consent to medical treatment. (*Id.*) Plaintiff continued to refuse medical treatment and put his injured hand under his armpit. (*Id.*) Dr. Jeanpierre told Plaintiff to look at her and called him "pretty brown eyes" several times. (*Id.*) Dr. Jeanpierre grabbed Plaintiff's uninjured hand and began caressing it; Plaintiff pulled away and Dr. Jeanpierre grabbed his hand again. (*Id.*) Plaintiff continued to verbally refuse medical care. (*Id.* at 2–3). Dr. Jeanpierre continued caressing Plaintiff's uninjured hand, told him to look at her, and kept calling him pretty brown eyes. (*Id.* at 3). Plaintiff refused to look at Dr. Jeanpierre, so she lifted Plaintiff's chin. (*Id.*) In response, Plaintiff put his head to his lap to avoid looking at her. (*Id.*) Next, Dr. Jeanpierre touched Plaintiff's left bicep and told him "eww, look at

those biceps." (*Id.*) Plaintiff thought Dr. Jeanpierre's behavior was weird and pulled away from her. (*Id.*) Plaintiff was placed in observation at DCI, and he removed staples from his hand by himself to avoid getting sexually assaulted again. (*Id.*)

**2.3    Analysis**

Plaintiff seeks to proceed on claims under the Eighth and Fourteenth Amendments and for medical malpractice.[2] (*Id.*) As discussed below, the Court finds that Plaintiff's allegations sufficiently state a claim under the Eighth Amendment and a claim for medical malpractice.

The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain, thus forbidding punishment that is 'so totally without penological justification that it results in the gratuitous infliction of suffering.'" *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Prison staff can violate this prohibition by maliciously inflicting pain or injury, *see Guitron v. Paul*, 675 F.3d 1044, 1046 (7th Cir. 2012), or by performing some action that is "intended to humiliate the victim or gratify the assailant's sexual desires." *See Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012); *Gillis v. Pollard*, 554 Fed. Appx. 502, 505 (7th Cir. 2014). Thus, claims of sexual harassment

---

[2]It is unclear from Plaintiff's allegations whether he should be viewed as a convicted prisoner or a pretrial detainee for purposes of a Section 1983 claim. Although he was being held at a prison, he claims he has not been charged yet with any crimes because he is not competent to stand trial. Prisoners are protected by the Eighth Amendment's prohibition on cruel and unusual punishment, while pretrial detainees are governed by the Fourteenth Amendment's due process clause. For now, the Court finds that Plaintiff could proceed even under the more stringent standard provided by the Eighth Amendment, and will analyze the claim under that standard. What the appropriate standard is must be addressed by the parties in dispositive motion practice or at trial. *See Miranda v. Cty. of Lake*, 900 F.3d 335, 350–54 (7th Cir. 2018).

or abuse by correctional officers may be the basis of an Eighth Amendment claim. *Wood v. Beauclair*, 692 F.3d 1041, 1046 (7th Cir. 2012).

In light of the low bar applied at the screening stage, the Court finds that Plaintiff's allegations state a claim for sexual harassment in violation of the Eighth Amendment. Specifically, when Dr. Jeanpierre caressed Plaintiff's hand, called him "pretty brown eyes," and touched Plaintiff's bicep and said "eww, look at those biceps," her conduct may have been done to humiliate Plaintiff and/or to satisfy her sexual desires. However, the Court notes that Plaintiff's allegations are at the very low end of behavior that may constitute sexual harassment in violation of the Eighth Amendment.

Plaintiff may also proceed on his supplemental state law medical malpractice claim against Dr. Jeanpierre. Federal courts may exercise supplemental jurisdiction over a state law claim that is "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In this case, Plaintiff's medical malpractice claim against Dr. Jeanpierre is part of the same case or controversy as his federal claim. A claim for medical malpractice requires a showing of "(1) a breach of (2) a duty owed (3) that results in (4) an injury" to a plaintiff. *Paul v. Skemp*, 625 N.W.2d 860, 866 (Wis. 2001); Wis. Stat. § 893.82(5m) (explaining that notices of claims are not required for medical malpractice claims). Medical malpractice arises where a medical professional fails to "exercise that degree of care and skill which is exercised by the average practitioner in the class to which he belongs, acting in the same or similar circumstances." *Sawyer v. Midelfort*, 595 N.W.2d 423, 435 (Wis. 1999). Plaintiff alleges that Dr. Jeanpierre committed medical

malpractice when she sexually assaulted him. At this stage, although unlikely, it is possible to infer that Dr. Jeanpierre's behavior may have been medical malpractice.

3. **CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Defendant sexually harassed Plaintiff in violation the Eighth Amendment; and

**Claim Two:** Defendant committed medical malpractice in violation of Wisconsin state law.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for a temporary restraining order (Docket #12) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendant Dr. Jeanpierre;

**IT IS FURTHER ORDERED** that, under the informal service agreement, that Defendant Dr. Jeanpierre shall file a responsive pleading to the complaint within 60 days;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $347.66 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income

credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined;

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this order; and

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[3] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

---

[3] The Prisoner E-Filing Program is mandatory for all inmates of Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 25th day of November, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge